

# The Attorney General of Texas

December 22, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bill M. White
Criminal District Attorney
Bexar County Courthouse
San Antonio, Texas    78205

Opinion No. MW-534

Re:  Whether a savings and loan
association or credit union may
serve as a hospital district
depository

Dear Mr. White:

You have requested our opinion as to whether a savings and loan association or credit union may serve as a hospital district depository.

Section 10 of article 4494n, V.T.C.S., provides that:

> the Board of Hospital Managers of any District created under this Act... shall select a depository for such District in the manner provided by law for the selection of county depositories....

Articles 2544 through 2558a, V.T.C.S., govern the procedure for counties to establish a depository or depositories for county money. Article 2544 and other statutes specifically use the terms "banking corporation, association or individual banker."

It has previously been determined by this office that the statutory terms "banking corporation, association or individual banker" do not include savings and loan associations and that without further statutory authorization, savings and loan associations do not qualify as depositories for political subdivisions. See Attorney General Opinions MW-272 (1980); H-1013 (1977); H-723 (1975); M-22 (1967). The same rationale would apply to credit unions as well.

In Attorney General Opinion H-723, this office concluded that section 6.14 of article 852a, V.T.C.S., the Texas Savings and Loan Act, does not furnish the requisite authority. That opinion said that this statute does not authorize political subdivisions "to invest in savings accounts of savings and loan associations without regard to legal restrictions found elsewhere upon the disposition of public monies."

You advise that there have been recent changes in laws governing savings and loan associations and credit unions, see, e.g., 7 T.A.C. sections 67.12, 67.13 (1981), section 91.95(c) (1980), and suggest that these changes might affect prior opinions of this office regarding the eligibility of such associations and credit unions to serve as county depositories. See, e.g., Attorney General Opinions M-22 (1967); V-120 (1947). Although these changes provide the authority for credit unions and savings and loan associations to perform some of the same functions as banks, this alone does not provide the previously mentioned requisite statutory authority that would permit them to serve as county depositories within the ambit of articles 2544 through 2558a, V.T.C.S.

Indeed, in Attorney General Opinion WW-838-A (1961), this office concluded that the basic differences in the business transacted by a commercial bank and a credit union made inapplicable to credit unions article 342-903 of the Banking Code, which prohibits a state bank from engaging in business in more than one place.

In reaching this conclusion, this office stated:

> [Although] credit unions exercise two of the most important functions of banking, the receiving of deposits and the lending of money, it must be recognized that credit unions or associations are not 'banks' as that term is defined in the Texas Banking Code of 1943... or as that term is commonly used and understood. Furthermore, the operations of a credit union in receiving deposits or lending money are substantially different from the corresponding operations of a commercial bank, and in fact, the functions and underlying concept of a credit union are basically different from those of a commercial bank.

The opinion goes on to detail other basic functions of banking that distinguish banks from credit unions and would also distinguish them from savings and loan associations.

It is our conclusion that a credit union or savings and loan association may not serve as a county depository without specific statutory authority. The statutory terms "banking corporation, association or individual banker" do not embrace credit unions or savings and loan associations and therefore do not furnish the requisite authority.

S U M M A R Y

A hospital district is not authorized to invest its funds in a savings and loan association or credit union without specific statutory authorization.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Charmaine Rhodes
Bruce Youngblood